13-2770-cv
Gleason v. Scoppetta, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of May, two thousand fourteen.

Present:    ROSEMARY S. POOLER,
            ROBERT D. SACK,
                    *Circuit Judges*.
            EDGARDO RAMOS,[*]
                    *District Judge*.

_____

PETER J. GLEASON,

                        *Plaintiff–Appellant*,

                  -v-                                 13-2770-cv

NICHOLAS SCOPPETTA, Fire Commissioner, individually and in his official capacity, GEORGE BELNAVIS, Battalion Chief, individually and in his official capacity, EDWARD BOLES, Lieutenant, individually and in his official capacity, BRIAN GROGAN, Supervising Fire Marshal, individually and in his official capacity, PATRICK REYNOLDS, Captain, individually and in his official capacity, UNIFORMED FIRE OFFICERS ASSOCIATION, CITY OF NEW YORK,

                        *Defendants–Appellees*.[**]

_____

---

[*] The Honorable Edgardo Ramos, United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the caption as above.

| | |
|---|---|
| Appearing for Appellant: | Raymond J. Dowd, Dunnington, Bartholow & Miller LLP (Justin T. Kelton, *on the brief*), New York, N.Y. |
| Appearing for Appellees: | Richard M. Betheil, Pryor Cashman LLP (Rachel J. Pasternak, *on the brief*), New York, N.Y., *for* Appellees George Belnavis, Edward Boles, Patrick Reynolds, and the Uniformed Fire Officers Association |
| | Michael J. Pastor, New York City Law Department (Michael A. Cardozo, Corporation Counsel of the City of New York, and Kristin M. Helmers, *on the brief*), New York, N.Y., *for* Appellees City of New York, Brian Grogan, and Nicholas Scoppetta |

Appeal from the United States District Court for the Eastern District of New York (Dearie, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED IN PART, REVERSED IN PART**, and this case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Peter J. Gleason appeals from the July 2, 2013 judgment of the United States District Court for the Eastern District of New York (Dearie, *J.*), granting the defendants-appellees' motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On appeal, Gleason first asserts that the individual defendants and the Uniformed Fire Officers Association (the "Union") were acting under color of state law as required by 42 U.S.C. § 1983. He also argues that he plausibly alleged that the City of New York (the "City") had a policy that resulted in the alleged violations of his rights. Finally, Gleason maintains that he sufficiently alleged constitutional violations and a conspiracy. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review *de novo* a district court's decision to grant a motion for judgment on the pleadings pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "This standard 'is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Vaughn*, 604 F.3d at 709 (quoting *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

**I. Color of State Law**

In this case, the district court, without distinguishing among defendants, concluded that Gleason failed to sufficiently allege that defendants acted under color of state law. With respect to some of the individually named defendants, we believe that the district court erred in this regard.

"To state a claim under § 1983, a plaintiff [(1)] must allege the violation of a right secured by the Constitution and laws of the United States, and [(2)] must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).[1] Our inquiry into whether Gleason sufficiently alleges that defendants were acting under color of state law is distinct from our inquiry into whether he plausibly alleges constitutional violations. *See Monsky v. Moraghan*, 127 F.3d 243, 245–47 (2d Cir. 1997).

"[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West*, 487 U.S. at 50. Moreover, the "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." *Screws v. United States*, 325 U.S. 91, 109 (1945) (plurality opinion) (internal quotation marks omitted). However, not all acts performed by public employees are under color of state law: "acts of officers in the ambit of their personal pursuits are plainly excluded." *Id.* at 111. "[T]here is no bright line test for distinguishing personal pursuits from activities taken under color of law." *Pitchell v. Callan*, 13 F.3d 545, 548 (2d Cir. 1994) (internal quotation marks omitted). We look to "the nature of the officer's act" to determine whether he acted under color of state law, not just his "status" of being on or off official duty. *Id.*

Here, Gleason alleges that defendants Brian Grogan, George Belnavis, Edward Boles, and Patrick Reynolds all held posts in the Fire Department of the City of New York (the "FDNY"). Belnavis, Boles, and Reynolds each have business addresses that are the same as the address of the City of New York. The FDNY is the entity that maintains Gleason's medical information. That medical information was accessed by Grogan, Belnavis, Boles, and/or Reynolds by using "a false login" to obtain files on a computer belonging to the Bureau of Fire Investigations, where Grogan was a Supervising Fire Marshal. One or more of those defendants then provided that medical information to a reporter who wrote an article in the Village Voice, which caused harm to Gleason, including by damaging his candidacy for the New York City Council.

---

[1] Section 1983 provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

3

The reasonable inferences based on those allegations are that: (1) Gleason's medical information was contained on the FDNY computer system; (2) his information was protected by a password; (3) the FDNY, as opposed to the public, had access to the medical information; and (4) Grogan, Belnavis, Boles, and/or Reynolds gained access to the FDNY computer system because they were FDNY officials. Thus, Gleason sufficiently alleges that defendants "abuse[d] the position given to [them] by the State," *West*, 487 U.S. at 50, which is to say, they misused power that they possessed "only because" of authority that the City had granted them, *Screws*, 325 U.S. at 109; *see also McDade v. West*, 223 F.3d 1135, 1139–41 (9th Cir. 2000).

Whether Grogan, Belnavis, Boles, and/or Reynolds's actions were rogue or unlawful is not dispositive of whether they acted under color of state law. *See Screws*, 325 U.S. at 110–11. Nor is it necessary that Grogan, Belnavis, Boles, and/or Reynolds have taken action pursuant to their official firefighting duties to have acted under color of state law. *See Monsky*, 127 F.3d at 245–46 (concluding that an official can act under color of state law even when the actions at issue are not typical of that official's duties). Finally, the fact that Grogan, Belnavis, Boles, and/or Reynolds's actions may have been based on a "personal grudge" does not necessarily mean that they did not act under color of state law. It is true that "acts of officers in the ambit of their personal pursuits are plainly excluded" from the definition of acts under color of state law. *Screws*, 325 U.S. at 111. However, in *Screws*, there was evidence that one of the officials involved in the fatal beating "held a grudge" against the man who was beaten to death, *id.* at 93, yet that grudge did not mean the official was not acting under color of state law, *see id.* at 110. Nor are Gleason's allegations in this case analogous to cases involving off-duty police officers, such as *Stoekley v. City of New York*, 700 F. Supp. 2d 489 (S.D.N.Y. 2010), on which the district court relied. *See also Pitchell*, 13 F.3d at 548 (The defendant police officer did not act under color of state law when he was off duty and, "while drunk in his own home, [he] used his own personal weapon to shoot a guest.").

Properly drawing all reasonable inferences in favor of Gleason, he plausibly alleges that Grogan, Belnavis, Boles, and Reynolds acted under color of state law. The district court did not address the plausibility of Gleason's claims against these individual defendants or whether Gleason adequately pleaded the violation of a constitutional right and, with respect to these defendants, we will not perform that analysis in the first instance. On remand, the district court is instructed to consider the plausibility of Gleason's claims against Grogan, Belnavis, Boles, and Reynolds.

Whether the Union itself acted under color of state law is complicated by Gleason's allegations that Belnavis, Boles, and Reynolds were both FDNY officials and executive board members of the Union. Unions representing public employees "generally are not state actors." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). However, "a private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" *Id.* at 324 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). Because the complaint makes only conclusory allegations of joint activity between the Union and the state actors, we affirm the judgment of the district court insofar as it concluded that the Union itself was not acting under color of state law.

4

## II. Municipal Liability

With respect to the City, the district court concluded that Gleason failed to sufficiently allege that a municipal policy caused him harm. We agree.

"A municipality or other local government may be liable under [42 U.S.C. § 1983] if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (internal quotation marks omitted) (citing *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 692 (1978)). "[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989), *holding limited by Farmer v. Brennan*, 511 U.S. 825, 840–42 (1994); *see also Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (For Section 1983 liability to lie against a municipality, the deprivation of the plaintiff's rights must be "caused by a governmental custom, policy, or usage of the municipality."), *cert. denied*, 134 S. Ct. 125 (2013).

Gleason's allegations regarding the City's "unofficial policy" of ignoring breaches of firefighters' privacy interests are too conclusory to state a plausible claim against the City. Gleason's allegations regarding the causal link between the City's allegedly lax security measures and Gleason's alleged harm do not set forth sufficient facts to allow for the reasonable inference that a City policy directly caused him harm. Nor does Gleason allege that the bad acts in this case were so widespread as to constitute a policy. *See Jones*, 691 F.3d at 81. He asserts that the City "routinely" ignores breaches of firefighters' privacy and that it does not sufficiently protect the records of low-ranking FDNY personnel. However, he alleges no facts to support the reasonable inference that other firefighters' confidential records have been unlawfully obtained or disseminated. Gleason's allegations, while "consistent with . . . defendant's liability," *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted), do not give rise to the reasonable inference that the City has a custom or policy that caused the violation of the privacy rights of firefighters, including Gleason.

## III. The Claims Against Former Fire Commissioner Nicholas Scoppetta

For the reasons stated earlier with respect to Gleason's claims against the City, we conclude that plaintiff has not stated a plausible claim against former Fire Commissioner Scoppetta. Gleason's only allegation against Scoppetta is that he created and maintained the aforementioned implausible "unofficial policy" of tolerating security breaches. The complaint does not allege, for example, that Scoppetta was personally involved in, or took responsibility for, the disclosure of Gleason's medical records.

Accordingly, the judgment of the district court hereby is AFFIRMED IN PART, REVERSED IN PART, and this case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5