DUNNINGTON
BARTHOLOW & MILLER LLP
ATTORNEYS AT LAW

1359 Broadway | New York, NY 10018 | Telephone: 212.682.8811 | Facsimile: 212.661.7769 | www.dunnington.com

July 8, 2014

**ECF: COURTESY COPY BY HAND**
Hon. Raymond J. Dearie
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Gleason v. Scopetta, et al. 12 Civ. 4123 (RJD) (RLM)**
**Plaintiff's Response to Defendants' June 17, 2014 Letter and Motion to File Second Amended Complaint**

Dear Judge Dearie:

We represent Plaintiff Peter J. Gleason in the above-captioned matter. We write in accordance with the Court's Order entered on June 20, 2014 (ECF Doc. 49) and Section III(A) of the Court's Individual Motion Practices to request a pre-motion conference prior to making a Motion seeking leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15. A copy of the proposed Second Amended Complaint is annexed as Exhibit A. As set fourth below, if successful, our motion for leave to amend would moot the pending motion to dismiss.

We also write in opposition to the letter from counsel for Defendants Battalion Chief George Belnavis, Lieutenant Edward Boles and Captain Patrick Reynolds and the Uniformed Fire Officers Association ("UFOA") (collectively "Defendants") dated June 17, 2014 (ECF Doc. 48). Apart from being mooted by the Second Amended Complaint, Defendants' arguments in support of dismissal are without merit.

## I. Background

Gleason's claims are based on an August 19, 2009 article published in *The Village Voice.*[1] Defendants now argue that because certain of Gleason's medical records exist in the public record, specifically a 1993 Kings County personal injury matter, that dismissal is warranted because Gleason waived his privacy interest. This argument rests on contested facts and thus should be rejected under Rule 12(b)(6). However, only records produced by private physicians as relating to the personal injury action are included in the public record. Conversely, the *Voice* article makes clear that it was based on "review of his FDNY records" and asserts that Gleason left the New York City Fire Department ("FDNY") "on a full disability pension" and

[1] The article remains hosted on *The Village Voice* website as of the date of this letter http://blogs.villagevoice.com/runninscared/2009/08/district_1_coun.php

took "nearly 49 months of paid medical leave or light-duty assignments." The *Voice* article similarly discusses Gleason's FDNY assignments in an attempt to discredit his "nexus of his relationship to the community." Accordingly, the plain language of the article establishes that it was premised on Gleason's confidential FDNY records and not limited to any information that may have been part of a personal injury action. Contrary to Defendant's assertions, the facts contained in the *Voice* article could only be discovered based upon a review of Gleason's FDNY files, not the public record.

As set in the proposed Second Amended Complaint, Gleason has an expectation of privacy in his FDNY records pursuant to state and federal law. With respect to federal law, the Americans With Disabilities Act ("ADA"), 42 U.S.C. 12112(c) and (d) requires that employers who collect or otherwise obtain confidential medical information segregate such records from an employee's general personnel file. The ADA also prohibits the unauthorized disclosure of confidential medical and related records. With respect to state law, N.Y. Civ. Rights Law § 50-a (1) provides that firefighters' records are to be maintained as confidential.[2] In this case, Gleason has alleged actual damages relating to the unlawful access and dissemination of his FDNY medical and related records including his failed City Council campaign and a continuing effects relating to his career as an attorney such that he can satisfy the "stigma plus". *Neu v. Corcoran,* 869 F.2d 662, 667 (2d Cir.1989).[3]

As further described in the proposed Second Amended Complaint, Gleason recently learned, pursuant to a FOIL request, that the New York County District Attorney's Office accessed his Department of Motor Vehicle ("DMV") records on March 20, 2012 despite the fact that Gleason was not a defendant in or under investigation by the District Attorney in connection with any litigation. (See Ex. C to proposed Second Amended Complaint.) The foregoing constitutes a violation of the Driver's Privacy Protection Act ("DPPA") and provides further factual support for a pattern or practice of improper conduct by the City of New York concerning its accessing of confidential records. 18 U.S.C. § 2722.

At present, we have had no discovery and thus it is unknown how much of Plaintiff Gleason's confidential data was misappropriated by Defendants or whether Gleason's records are currently afforded the required degree of protection by the FDNY. Therefore, dismissal is not warranted at this time and Gleason should be granted leave to amend and supplement his complaint pursuant to Fed. R. Civ. P. 15.

---

[2] All personnel records used to evaluate performance toward continued employment or promotion, under the control of any. . .paid fire department or force of individuals employed as firefighters or firefighter/paramedics. . .shall be considered confidential and not subject to inspection or review without the express written consent of such. . .firefighter, firefighter/paramedic. . .except as may be mandated by lawful court order.

[3] While the "plus" factor is determined on a case-by-case basis, it has been determined that "[s]tatements that 'denigrate the employee's competence as a professional and impugn the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession' will satisfy the stigma requirement. *Spang v. Katonah-Lewisboro Union Free Sch. Dist.*, 626 F. Supp. 2d 389, 395 (S.D.N.Y. 2009) *quoting Donato v. Plainview–Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 630–31 (2d Cir.1996).




## II. Defendant's Letter Does Not Provide Any Grounds For Dismissal

Defendants' arguments raised in their letter fail for three distinct reasons. First, the letter raises issues concerning Gleason's records produced and maintained by private physicians concerning his back injury that cannot be resolved on a Rule 12(b)(6) motion to dismiss. Second, even assuming that Gleason's filing of a personal injury action constituted a waiver, such a waiver would be limited to the matters contained in the public record and does not extend to the entirety of Gleason's FDNY file. Third, to the extent any waiver occurred, disputed issues of fact preclude the dismissal of this action even if the pending motion were converted to one for summary judgment. Therefore, dismissal is not warranted and this matter must proceed to discovery.

### a. Defendant's Letter Is Factually Inapposite

Defendants posit that because certain of Plaintiff's medical records exist in the publicly accessible file in the matter known as *Evans & Gleason v. V.C.M. Trucking, Inc. et al.*, (Kings Co. Index No. 17538/93), the Court should dismiss the action on the grounds that the information contained in *The Village Voice* article in issue was a matter of public record. As more fully explained below, this assertion is incorrect because, among other things, the article specifically references Plaintiff's Fire Department records as opposed to the records of a privately retained physician, as advanced by Defendants.

Defendants assert that it is "far more plausible" that Plaintiff's medical records were properly retrieved from the public record than improperly from the Fire Department prior to the publication of the *Village Voice* article. Specifically, Defendants' letter provides that the public record includes a physician's report from November 14, 1994 as well as a Verified Bill of Particulars dated December 23, 1993 that suffice to establish how the *Village Voice* learned of Gleason's medical issues.

On Wednesday, June 18, 2014, this firm conducted a review of the Kings County Clerk's file in *Evans & Gleason v. V.C.M. Trucking, Inc. et al.* The file consists of one thousand six hundred and nine (1609) pages. It has been scanned and may be viewed, upon written request, at a computer terminal in the Kings County Courthouse. We do not dispute that the records annexed to Defendants' June 17, 2014 letter exist in the Kings County Clerk's electronic file. However, our review showed that Plaintiff's New York City Fire Department medical records that are the subject of this action are not part of the Clerk's file.

In this case, Gleason has alleged claims arising from the improper accessing and distribution of his medical files maintained by FDNY. The Kings County file does not contain Gleason's FDNY records. Therefore, the factual predicate for Defendants' letter is disputed and thus may not serve as the basis towards dismissal of the action under Rule 12(b)(6).

b. Any Alleged Waiver Would Be Limited To The Documents Made Public By Gleason

The *Village Voice* article in issue indicates that it is premised on "a *Voice* review of his FDNY records" and "his department record" as opposed to the records of a private physician, as advanced by Defendants. Assuming for the sake of argument that Plaintiff's election to make certain of his private medical files public by filing a lawsuit constitutes a waiver, that waiver does not extend to the entirety of his FDNY medical file. *Iseman v. Delmar Med.-Dental Bldg., Inc.,* 113 A.D.2d 276, 279, 495 N.Y.S.2d 747, 750 (3d Dept. 1985) ("The scope of the waiver is limited, however, and does not permit wholesale discovery of information regarding the protected party's physical or mental condition.") This is because, as explained above, Gleason's FDNY records are confidential under both state and federal statutory law.

Further, as recently held by the District of Connecticut, the very act of *accessing* confidential records established a *prima facie* Section 1983 claim. *Miron v. Town of Stratford,* 976 F. Supp. 2d 120, 136 (D. Conn. 2013). Indeed, Plaintiff cannot be said to have waived his expectation for the privacy of his entire Fire Department record on account of the limited filings relating to a personal injury action as advanced by Plaintiff. *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 427, 97 S. Ct. 2777, 2782, 53 L. Ed. 2d 867 (1977). *See Napoli v. Crovello*, 49 A.D.3d 699, 854 N.Y.S.2d 176, 177-78 (2d Dept. 2008) (citations omitted) ("there is no evidence that the plaintiff affirmatively placed her psychiatric condition in issue so as to effect a waiver of the privilege and permit disclosure"); *Manessis v. New York City Dep't of Transp.,* 02 CIV. 359SASDF, 2002 WL 31115032 (S.D.N.Y. Sept. 24, 2002) ("Manessis's emotional distress claim does not, however, give Defendants an unfettered right to pursue discovery into Manessis's entire medical history.")

Gleason's claims are not, as claimed by Defendants, limited to the fact that his back injury was made public. Instead, Gleason claims that his entire FDNY record was used as a means towards suggesting, during Gleason's candidacy for City Council, that he took advantage of the FDNY, abused sick leaves, or misstated his service to the community. As set forth above, a plain reading of *The Village Voice* article establishes that it is not limited to facts in issue in the Kings County action. Instead, the article makes reference to the Plaintiff's entire career at the FDNY including his use of paid time off as well as his assignments in terms of both their location and nature. Therefore, the existence of the Kings County Clerk's file does not support Defendants' waiver argument.

c. Gleason's Personal Injury File Does Not Support Dismissal

Gleason's confidential medical records that exist in the public record were filed with Gleason's knowledge and consent as opposed to being released at the unauthorized and unlawful election of a third-party. "The courts have recognized a privacy interest in keeping one's medical and mental health records confidential." *Olszewski v. Bloomberg L.P.*, 96 CIV. 3393 (RPP), 2000 WL 1843236 (S.D.N.Y. Dec. 13, 2000). While the Second Circuit has established that "the interest in the privacy of medical information will vary with the condition," it cannot be concluded on a motion to dismiss that Gleason has failed to allege an actionable § 1983 claim as he alleges that his entire FDNY file was improperly accessed. *Matson v. Bd. of Educ. of City*




*Sch. Dist. of New York,* 631 F.3d 57, 64 (2d Cir. 2011) *quoting Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999). Indeed, such cases must be assessed on a case-by-case basis. *Barnes v. Abdullah*, 11 CIV. 8168 RA, 2013 WL 3816586 (S.D.N.Y. July 22, 2013). Where, as here, Gleason's medical and related records stored by the FDNY are confidential as a matter of federal and state statutory law, dismissal is not appropriate.

Moreover. Gleason's constitutionally protected privacy interests extend not only to the confidentiality of the information in issue but also to Plaintiff's choice as to the degree and manner in which he discloses confidential information. *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994). Of note, *Doe* distinguished between the "right of confidentiality" and the "right of autonomy," each of which are actionable in the context of a § 1983 action. *Nassau Cnty. Employee ""L" v. Cnty. of Nassau,* 345 F. Supp. 2d 293, 301 (E.D.N.Y. 2004) *citing Doe; see Whalen v. Roe*, 429 U.S. 589, 97 S. Ct. 869, 51 L. Ed. 2d 64 (1977). For instance, in a recent decision, a District Court in the Western District held that "[c]onsidering the stigma that may attach to an inmate diagnosed with Hepatitis C, Myers's allegations that he actually suffered opprobrium as a result of the disclosure, and the allegedly gratuitous manner in which Dolac disclosed Myers's medical condition, defendants have not demonstrated that Myers has no constitutionally protected right to confidentiality in his Hepatitis C diagnosis. Accordingly, defendants are not entitled to summary judgment dismissing this claim." *Myers v. Dolac*, 09-CV-6642P, 2013 WL 5175588 (W.D.N.Y. Sept. 12, 2013). In *Myers,* the court held that disclosure of the plaintiff's condition to professional staff members was appropriate whereas informing other prisoners was inappropriate.

In *Doe*, the City advanced an argument that because the plaintiff's status was a matter of public record due to his filing of a claim with the Commission on Human Rights, there could be no liability for disclosing the condition. The Second Circuit rejected that argument and held that issue of waiver could not appropriately be decided in connection with a motion to dismiss. Subsequent decisions continue to hold that "[t]he *Doe* Court made clear that a plaintiff does not lose his privacy right when defendants choose to place his personal information in a public record." *Hirschfeld v. Stone*, 193 F.R.D. 175, 185 (S.D.N.Y. 2000) Similarly, the Seventh Circuit has held that a plaintiff has a protected interest in his or her confidential medical records and that conditioning the renewal of an employment contract on a waiver of that confidentiality may give rise to a § 1983 action. *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003).

Defendants argue that Gleason's submission of his private treating physician's report and a Verified Bill of Particulars in connection with the Kings County personal injury action constitutes a waiver of his § 1983 claim. To the contrary, the issue of waiver cannot be established in this case and is not a proper basis for a motion to dismiss. Plaintiff's claim is premised on the improper access and dissemination of his entire FDNY file, no part of which is included in the Kings County Clerk's file. There is no indication that Plaintiff's expectation of privacy in his FDNY records was affected by the filing of the personal injury action. Here, the alleged conduct of Defendants, providing confidential records to the media in order to harm Plaintiff Gleason, should not be countenanced. Accordingly, the existence of the Kings County case should have no bearing on the motion to dismiss in the instant action.




## III. Plaintiff Requests A Pre-Motion Conference For Leave To Amend and Supplement The Complaint

Gleason seeks a pre-motion conference with respect to his request for leave to amend and supplement his complaint pursuant to Fed. R. Civ. P. 15. A pre-motion conference will also serve towards resolving any issues pertaining to the motions to dismiss. Leave to amend and supplement should be granted because the amendments and supplementation are predicated on the same set of operative facts included in the initial complaint, that Gleason's FDNY records were improperly accessed and disseminated by Defendants.

As explained above, Gleason has an expectation of privacy in his FDNY records under state and federal law. Therefore, Gleason has established a viable Section 1983 action against the City of New York and should be granted leave to re-plead against the individual defendants and the City.[4] Gleason has alleged that both the Fire Department's failure to safeguard Plaintiff's confidential medical and related records and its two-tiered security policy enabling the unlawful access of his records by the individual defendants constitutes an infringement of Plaintiff's constitutional rights. Gleason's causes of action arising out of the ADA are premised on the same set of operative facts and therefore qualify for relation back treatment under Fed. R. Civ. P. 15(c). Further, as set forth above, the City acting through the New York County District Attorney's Office improperly accessed Gleason's confidential DMV records in 2012. However, Gleason did not learn of this until recently pursuant to a FOIL request. Therefore, leave to include this fact should be granted under Fed. R. Civ. P. 15(d).

It is well settled that leave to file an amended complaint should be "freely" given "when justice so requires," Fed.R.Civ.P. 15(a)(2), and "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) *citing Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

"Permission to file supplemental pleadings under Rule 15(d) may be granted 'when the supplemental facts connect it to the original pleading.'" *Andino v. Fischer,* 698 F. Supp. 2d 362, 372-73 (S.D.N.Y. 2010) *quoting Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir.1995). Rule 15(d) "permits a party to move to serve a supplemental pleading and the district court may grant such a motion, in the exercise of its discretion, upon reasonable notice and upon such terms as may be just." *Id. citing Quaratino,* 71 F.3d at 66. "Courts determining whether to grant a motion to supplement pleadings based on Rule 15(d) should contemplate prejudice to the opposing party and, in their discretion grant 'supplementation [where it] will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party.'" *Id. quoting Bornholdt v. Brady,* 869 F.2d 57, 68 (2d Cir.1989). This action was dismissed pursuant to Rule 12(b)(6) and all discovery was stayed at the time. Accordingly, Defendants will suffer no prejudice as a result of the amendments, the majority of which merely clarify the original operative facts in the original complaint and clarify the legal theory for recovery.

---

[4] Gleason does not seek leave to re-plead against Defendants Nicholas Scopetta or UFOA and removed them from the caption in the proposed Second Amended Complaint.




## IV. Conclusion

Based upon the foregoing, Plaintiff respectfully requests that the Court deny the motion to dismiss as moot and schedule a pre-motion conference concerning Plaintiff's request to file the proposed Second Amended Complaint.

Respectfully submitted,

Raymond Dowd

Enc.

Cc: (Via ECF and email)
Benjamin Stockman, Esq.
Richard Betheil, Esq.