UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
PETER J. GLEASON,

                Plaintiff,

- against -

FIRE COMM'R NICHOLAS
SCOPPETTA, individually and in his
official capacity; BATTALION CHIEF
GEORGE BELNAVIS, individually and in
his official capacity; LT. EDWARD
BOLES, individually and in his official
capacity; SUPERVISING FIRE
MARSHALL BRIAN GROGAN,
individually and in his official capacity;
CPT. PATRICK REYNOLDS, individually
and in his official capacity; UNIFORMED
FIRE OFFICERS ASS'N; and CITY OF
NEW YORK,

                Defendants.
----------------------------------------------------------- x

**MEMORANDUM & ORDER**

12 CV 4123 (RJD) (RLM)

DEARIE, District Judge

       Plaintiff Peter J. Gleason filed this action pursuant to 42 U.S.C. § 1983 seeking redress for violations of the First, Fourth, and Fourteenth Amendments to the Constitution arising out of the alleged release of certain medical records maintained by the New York City Fire Department ("FDNY"). On February 7, 2013, defendants moved to dismiss this action. This Court granted those motions. June 24, 2013 Mem. & Order at 10, ECF No. 43. Plaintiff appealed, and on June 9, 2014 the Court of Appeals for the Second Circuit reversed the dismissal of defendants Brian Grogan, George Belnavis, Edward Boles, and Patrick Reynolds and remanded the case with instructions to consider the plausibility of Gleason's claims against them. 566 F. App'x 65 (2d Cir. 2014). On remand, Gleason moves to amend his complaint so that he may replead his § 1983 claim against the City of New York and add a new claim for violation of section 102 of

the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 11201 et seq. For the reasons below, the motion to dismiss is granted as to Belnavis, Boles, and Reynolds and granted in part as to Grogan. Gleason's motion for leave to amend is granted in part.

## BACKGROUND[1]

Gleason was a firefighter employed by the FDNY from 1986 until 1996, when he retired due to a work-related back injury. After retiring, Gleason changed careers, became an attorney, and in 2006 took a case on behalf of William Kregler, a former fireman, against the City of New York and Grogan, among other defendants.

In 2009, Gleason ran for a New York City Council seat. In June or July of 2009, he sought the endorsement of Uniformed Fire Officers Association ("UFOA") at one of its meetings. At the beginning of the meeting, Boles and Belnavis explained to Gleason that Grogan was "pissed" at Gleason for previously representing Kregler. Gleason alleges "upon information and belief" that at or around this time period Grogan, Belnavis, Boles, and Reynolds "entered into an agreement that they would punish [Gleason] and make a public example out of him to retaliate against him for his prior representation of Kregler." "In furtherance of that agreement," according to the complaint, "Grogan, Belnavis, Boles, and Reynolds conspired to dig up negative information on [Gleason] to destroy [Gleason's] City Council candidacy and to plant a negative story about [Gleason] in the press." "[O]ne or more" of these defendants used a false login to access and print out computerized summaries of Gleason's medical records through a computer belonging to the Bureau of Fire Investigations. "[O]ne or more" of these defendants then provided copies of these medical records to Wayne Barrett, a reporter for the Village Voice,

---

[1] Unless otherwise indicated, the following facts are drawn from the complaint and are accepted as true for purposes of this motion. LaFaro v. N.Y. Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009).

2

and pressured him to write a negative story about Gleason. On August 19, 2009, the <u>Village Voice</u> published such an article entitled "District 1 Council Race: The Skinny on Challenger Pete Gleason." The article indicates that it was based on a "review of [Gleason's] FDNY records" and "court records," and undertakes an extensive review of Gleason's injury history. On August 19, 2009, the complaint alleges "[u]pon information and belief," Grogan "openly took responsibility for the article's publication and declared victory in preventing [Gleason] from obtaining the UFOA's endorsement." On August 20, 2009, Reynolds distributed a link to the article to firefighters by e-mail without any comment.

Gleason alleges that the <u>Village Voice</u> article caused extreme reputational damage and crippled his political campaign, resulting in another candidate winning the race for City Council. On August 17, 2012, Gleason sued the City of New York, the fire commissioner Nicholas Scoppetta, the UFOA, Grogan, Belnavis, Boles, and Reynolds pursuant to 42 U.S.C. § 1983 alleging violations of the First, Fourth, and Fourteenth Amendments and a conspiracy. The claims against the City, Scoppetta and the UFOA have since been dismissed.

On remand, Gleason seeks to amend his complaint to add additional facts. Among those, he alleges that on March 20, 2012, the New York County District Attorney's Office accessed his confidential DMV records, which evidences a "policy of pattern of using confidential information to target political opponents." Relying largely on the facts alleged in his last complaint, Gleason also adds claims for violation of the ADA. The Court now considers the plausibility of the claims against the remaining defendants and Gleason's proposed amendments.

## DISCUSSION

A.  Defendants' Motion to Dismiss

To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Brown v. Daikin Am. Inc., 756 F.3d 219, 225 (2d Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nonetheless, while the "plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).

To succeed on a 42 U.S.C. § 1983 claim, a plaintiff must plausibly allege that a defendant, acting under the color of state law, deprived the plaintiff of a constitutional right. Rodriguez v. Phillips, 66 F.3d 470, 481 (2d Cir. 1995). To state a claim against an individual defendant under § 1983, a plaintiff must allege facts demonstrating "personal involvement of defendants in alleged constitutional deprivations." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Gleason has failed to allege the personal involvement of Belnavis, Boles, and Reynolds in violating his constitutional rights. The only mention of Belnavis and Boles in the complaint is that they informed Gleason that Grogan was "pissed" at him. Likewise, the only discussion of Reynolds is that he e-mailed a link to the Village Voice article without comment. The axiom "don't shoot the messenger" applies here: speaking with Gleason or circulating the

4

article, alone, do not plausibly establish personal involvement in the violation of Gleason's constitutional rights. The Court does not credit Gleason's conclusory allegations based on "information and belief" that "one or more" of these defendants accessed Gleason's medical records. See Williams v. Calderoni, No. 11 CV. 3020, 2012 WL 691832, at *9 (S.D.N.Y. Mar. 1, 2012) (plaintiff "points to no 'information' that will render these statements any more than a speculative claim"), aff'd sub nom., 529 F. App'x 89 (2d Cir. 2013).

The claims against Grogan are a closer call. Absent from the complaint is a specific allegation that Grogan accessed Gleason's medical records and distributed them to the Village Voice. Nonetheless, the complaint does allege that Grogan had a motive to discredit Gleason: he was "pissed" at Gleason for being named a defendant in the Kregler litigation. Additionally, and most importantly, the complaint alleges that Grogan "openly took responsibility for the article's publication and declared victory in preventing [Gleason] from obtaining the UFOA's endorsement." While this does not necessarily mean that Grogan was the individual who accessed Gleason's records and gave them to a reporter, drawing all inferences in Gleason's favor, that is a plausible reading of the complaint. Accordingly, Grogan's individual involvement has been sufficiently alleged to withstand the motion to dismiss.[2]

However, the § 1983 conspiracy claim fails as to all defendants. In order to state a § 1983 conspiracy claim, a plaintiff must allege facts showing: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."

---

[2] The Court declines to dismiss Counts II, III and V on the alternative bases advanced by defendants. While Gleason will be required to establish that the release of his medical records had an actual chilling effect in order to prove his First Amendment retaliation claim, and that he has a right to privacy in his medical records in order to prove his Fourth and Fourteenth Amendment claims, those issues involve disputed facts and are inappropriate for resolution at this stage.

5

Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). "[A] plaintiff 'must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003) (quoting Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000)). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (quoting Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)). Gleason's complaint lacks the necessary elements to plead a § 1983 conspiracy claim. The complaint is devoid of a factual basis supporting a meeting of the minds. While "conspiracies are by their very nature secretive operations," Pangburn, 200 F.3d at 72, Gleason has not pled any details regarding when an agreement was reached to retaliate against Gleason, what the form of the agreement was, how the conspiracy was executed, who accessed computerized summaries of Gleason's medical records, or who leaked those records to the Village Voice. See Nassau Cnty. Employee "L" v. Cnty. of Nassau, 345 F. Supp. 2d 293, 304 (E.D.N.Y. 2004).

Accordingly, the claims against defendants Belnavis, Boles, and Reynolds are dismissed in their entirety, and Counts IV and VI of the complaint against Grogan are dismissed.[3]

B. Leave to Amend

Gleason seeks leave to file a second amended complaint. Although "leave to amend shall be freely given when justice so requires . . . [l]eave may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." TechnoMarine SA v.

---

[3] Gleason previously withdrew his claim under the Fifth Amendment. See Plfs.' Dec. 6, 2012 Letter, ECF No. 24.

Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) (quotation marks and citations omitted). Leave may be denied as futile when the pleading would not survive a motion to dismiss. See AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 726 (2d Cir. 2010). Gleason seeks to replead his § 1983 claims against the City of New York and to add claims under the ADA.

Gleason is denied leave to replead § 1983 claims against the City. This Court concluded that Gleason failed to sufficiently allege that a municipal policy caused him harm and therefore failed to state § 1983 claims against the City. The Second Circuit affirmed that decision, stating that Gleason's allegations regarding an "unofficial policy" were "too conclusory" as they did not allege bad acts that were "so widespread" or a "causal link" between lax security measures and Gleason's harm. 566 F. App'x at 70. Gleason proposes to add allegations that after meeting with the New York District Attorney's Office regarding improper access of his records, the District Attorney's Office proceeded to access Gleason's confidential DMV records. These allegations are insufficient to establish bad acts that are sufficiently widespread so as to conclude there is an "unofficial policy." What more, the District Attorney's Office is legally independent from the City of New York, and therefore these facts are irrelevant to the claims against the City. See Jones v. City of New York, 988 F. Supp. 2d 305, 314-17 (E.D.N.Y. 2013). Gleason also seeks to add new claims against the City under the ADA, 42 U.S.C. § 12112(d). Leave to do so is granted.

Accordingly, Gleason is granted leave solely to plead ADA claims against the City and is directed to file a second amended complaint within 30 days of this Order. All § 1983 claims against the City, Belnavis, Boles, and Reynolds are dismissed.

SO ORDERED.

Dated: Brooklyn, New York
November 4, 2014

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge